UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRESOR MAYALA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; PATRICIA HYDE, Boston Field Office Director, U.S. Immigrations and Customs Enforcement; MICHAEL KROL, HIS New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; U.S. DEP'T OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Civil Action No. 1:26-cv-10250-IT |

MEMORANDUM & ORDER

February 11, 2026

TALWANI, D.J.

Petitioner Tresor Mayala is an Angolan national. Pet. ¶ 1 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that on December 7, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 22. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 11.

On January 21, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that his detention violates the Fifth Amendment's guarantee of due process, id. ¶¶ 31–42, as well as the Immigration and Nationality Act, id. at ¶¶ 43–47, and

the Administrative Procedure Act, id. ¶¶ 48–51. Petitioner requests that this court order either immediate release or "a prompt, constitutionally adequate bond hearing[.]" Id. ¶¶ 57–58.

Respondents concede that:

> [T]he legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz, Civil Action No. 25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, Civil Action No. 25-cv-12407-IT, __ F. Supp. 3d __, 2025 WL 2951922 (D. Mass. Oct. 20, 2025).

Resp'ts' Opp'n 1 [Doc. No. 8].

Though Respondents note their disagreement with this court's decisions, Respondents acknowledge that, "[s]hould the Court follow its reasoning in those decisions, it would likely reach the same result here." Id. at 2.

Nothing in the record indicates that Petitioner, who was served a Notice to Appear on February 20, 2024, and had a master calendar hearing scheduled at the time of his arrest, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. Pet. ¶ 24 [Doc. No. 1]. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. Doe v. Moniz, 800 F. Supp. 3d 203, 210–13 (D. Mass. 2025). The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same conclusion). Similarly, this court is not bound by out-of-circuit caselaw, see Buenrostro-Mendez v. Bondi, __ F.4th __ , 2026 WL 323330 (5th Cir. 2026), and finds the dissent's reasoning in that case far more persuasive. See id. at *10–18 (C.J. Douglas, dissenting).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than February 18, 2026, Mayala must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of

Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Mayala in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

  IT IS SO ORDERED.

February 11, 2026                /s/ Indira Talwani
                               United States District Judge